UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **25-CR-60211-SMITH/HUNT**

18 U.S.C. § 1349
18 U.S.C. § 1029(b)(2)
18 U.S.C. § 1708
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1029(b)(1)
18 U.S.C. § 1029(a)(3)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)(B)
18 U.S.C. § 1029(c)(1)(C)

UNITED STATES OF AMERICA

v.

WILKIN ESTRELLA,
RODNEY MANUEL ARIAS,
███████████████████,
LISSETT LIRANZO,
    a/k/a "Lisset Liranzo," and
MAYLIN MONTERO,
    a/k/a "Mayline Montero,"

    Defendants.
_____/

FILED BY ___BM___ D.C.
Sep 4, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1.  Labios Room LLC ("Labios Room") was a Florida corporation formed in or around 2024 with a listed principal place of business in Broward County.

2. New Fokkus Inc. ("New Fokkus") was a Florida corporation formed in or around 2021 with a listed principal place of business in Broward County. New Fokkus does business under the name Labios Kitchen and Lounge.

3. RA Luxury Trader LLC ("RA Luxury Trader") was a Florida corporation formed in or around 2023 with a listed principal place of business in Miami-Dade County.

4. Kalian Miami LLC ("Kalian Miami") was a Florida corporation formed in or around 2023 with a listed principal place of business in Miami-Dade County.

5. Beauty Labs LLC ("Beauty Labs") was a New York corporation that **LISSETT LIRANZO** purports to own and/or control.

6. Studio AudioVisual, LLC ("Studio AudioVisual") was a Florida corporation formed in or around 2024 with a listed principal place of business in Miami-Dade County. An unnamed co-conspirator was listed as the manager and registered agent of Studio AudioVisual.

7. Bank 1 was a financial institution with branches located in the Southern District of Florida, and elsewhere, whose accounts were insured by the Federal Deposit Insurance Corporation ("FDIC").

8. Bank 2 was a financial institution with branches located in the Southern District of Florida, and elsewhere, whose accounts were insured by the FDIC.

9. Bank 3 was a financial institution with branches located in the Southern District of Florida, and elsewhere, whose accounts were insured by the FDIC.

10. Bank 4 was a financial institution with branches located in the Southern District of Florida, and elsewhere, whose accounts were insured by the FDIC.

11. Defendant **WILKIN ESTRELLA** was an individual who resided in the Southern District of Florida and was listed as the president and registered agent of New Fokkus on Florida corporation records.

12. Defendant **RODNEY MANUEL ARIAS** was an individual who resided in the Southern District of Florida and was listed as the manager and registered agent of RA Luxury Trader on Florida corporation records

13. Defendant ▉▉▉▉▉▉▉▉▉▉ was an individual who resided in the Southern District of Florida.

14. Defendant **LISSETT LIRANZO** was an individual who resided in the Southern District of Florida, was married to **WILKIN ESTRELLA**, and has claimed to own and/or control Beauty Labs.

15. Defendant **MAYLINE MONTERO** was an individual who resided in the Southern District of Florida, was married to ▉▉▉▉▉▉▉▉▉▉, and was listed as the manager and registered agent of Kalian Miami on Florida corporation records.

16. Victim 1 was a resident of Davie, Florida.

17. Victim 2 was a resident of Plantation, Florida.

18. Victim 3 was a resident of Plantation, Florida.

19. Victim 4 was a resident of Plantation, Florida.

### COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around January 2024, and continuing through in or around October 2024, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

WILKIN ESTRELLA,
RODNEY MANUEL ARIAS,
██████████████,
LISSETT LIRANZO,
a/k/a "Lisset Liranzo," and
MAYLINE MONTERO,
a/k/a "Mayline Montero,"

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with each other, and with others known and unknown to the Grand Jury, to knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3.      It was the purpose of the conspiracy for the co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting online credit card applications in the name of victims without their knowledge or consent; (b) obtaining the credit cards that were issued in the victims' names without their knowledge or consent, including by stealing the credits cards from victims' residential mailboxes; and (c) using the credit cards that were fraudulently obtained for their own benefit by making purchases at retail establishments and businesses owned or controlled by the co-conspirators.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the co-conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

4. In or around January 2024, and continuing through in or around October 2024, the co-conspirators submitted at least forty (40) credit card applications to financial institutions including Bank 1, Bank 2, Bank 3, and Bank 4 in the names of victims using the victims' personally identifiable information without those victims' knowledge or consent. Many of these applications were submitted through the use of interstate wires. Pursuing this fraud scheme, **WILKIN ESTRELLA** and ▇▇▇▇▇▇▇▇▇▇▇ would exchange text messages with the personally identifiably information of victims which were used to apply for and obtain credit cards without the consent or authorization of the victims.

5. In or around January 2024, and continuing through in or around October 2024, once the credit cards were issued, the co-conspirators would obtain them by directing the financial institutions issuing the credit cards to deliver the cards by mail to the victims' addresses and then stealing the cards directly from victims' mailboxes. For instance, **WILKIN ESTRELLA** and **MAYLINE MONTERO** stole mail including the credit cards from the residential mailboxes of victims to further this credit card scheme.

6. In or around January 2024, and continuing through in or around October 2024, the co-conspirators, including **WILKIN ESTRELLA, RODNEY MANUEL ARIAS,** ▇▇▇▇▇▇▇▇▇▇▇, and **MAYLIN MONTERO,** made purchases at various businesses using the fraudulently obtained credit cards of victims. Among these fraudulent purchases were purchases made at or through businesses owned or controlled by the co-conspirators, including Labios Room, New Fokkus, RA Luxury Trader, Kalian Miami, Beauty Labs, and Studio AudioVisual.

7. More specifically, these businesses were owned or controlled by **WILKIN ESTRELLA, RODNEY MANUEL ARIAS, MAYLIN MONTERO,** and **LISSETT LIRANZO.**

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
### Conspiracy to Commit Access Device Fraud
### (18 U.S.C. § 1029(b)(2))

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around January 2024, and continuing through in or October 2024, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**WILKIN ESTRELLA,
RODNEY MANUEL ARIAS,
████████████████,
LISSETT LIRANZO,
a/k/a "Lisset Liranzo," and
MAYLINE MONTERO,
a/k/a "Mayline Montero,"**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to commit violations of Title 18, United States Code, Section 1029(a), namely:

(a) to knowingly, and with the intent to defraud, use one (1) or more unauthorized access devices, that is, credit card account numbers issued to other persons, during any one-year period, and by such conduct did obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(2); and

(b) to knowingly, and with intent to defraud, possess fifteen (15) or more unauthorized access devices, that is, credit card account numbers issued to other persons, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(3).

## ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following acts, among others:

1. On or about August 17, 2024, ▮▮▮▮▮ and **WILKIN ESTRELLA** exchanged text messages that included the residential addresses of at least three victims.

2. On or about August 28, 2024, **WILKIN ESTRELLA** and **MAYLINE MONTERO** stole mail from residential mailboxes in the Southern District of Florida, including the homes of victims.

3. On or about August 28, 2024, ▮▮▮▮▮ and **RODNEY MANUEL ARIAS** made a purchase at an automobile store in the Southern District of Florida for approximately $2,339.56 using a credit card ending in -7725 in the name of Victim 1.

4. On or about August 28, 2024, **MAYLINE MONTERO** attempted to make a purchase at an electronics store in the Southern District of Florida for approximately $1,424.97 using a credit card ending in -5202 in the name of Victim 2.

5. On or about August 28, 2024, **MAYLINE MONTERO** made a purchase at a pharmaceutical store in the Southern District of Florida for approximately $21.27 using a credit card ending in -2111 in the name of Victim 3.

6. On or about September 6, 2024, **WILKIN ESTRELLA** stole mail from residential mailboxes in the Southern District of Florida, including the homes of victims.

7. On or about September 8, 2024, **WILKIN ESTRELLA** made a purchase at a pharmaceutical store in the Southern District of Florida for approximately $33.98 using a credit card ending in -6064 in the name of Victim 4.

8. On or about September 11, 2024, **LISSETT LIRANZO** possessed at least thirty-one (31) access devices, that is, credit card numbers issued to other persons, in her residence, purse, and on her cellular phone.

### COUNT 3
### Theft of Mail
### (18 U.S.C. § 1708)

On or about August 28, 2024, in Broward County, in the Southern District of Florida, the defendants,

**WILKIN ESTRELLA and
MAYLINE MONTERO,
a/k/a "Mayline Montero,"**

did knowingly steal, take, and abstract any letter and mail and any article and thing contained therein from and out of a letter box, mail receptacle, and other authorized depository for mail matter, that is, the residential mailboxes of various victims located in the Southern District of Florida, in violation of Title 18, United States Code, Sections 1708 and 2.

### COUNT 4
### Theft of Mail
### (18 U.S.C. § 1708)

On or about September 6, 2024, in Broward County, in the Southern District of Florida, the defendant,

**WILKIN ESTRELLA,**

did knowingly steal, take, and abstract any letter and mail and any article and thing contained therein from and out of a letter box, mail receptacle, and other authorized depository for mail matter, that is, the residential mailboxes of various victims located in the Southern District of Florida, in violation of Title 18, United States Code, Sections 1708 and 2.

## COUNT 5
### Access Device Fraud
### (18 U.S.C. § 1029(a)(2))

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around January 2024, and continuing through in or around October 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**WILKIN ESTRELLA,
RODNEY MANUEL ARIAS,
████████████████,
LISSETT LIRANZO,
a/k/a "Lisset Liranzo," and
MAYLINE MONTERO,
a/k/a "Mayline Montero,"**

did knowingly, and with intent to defraud, traffic in and use one or more unauthorized access devices, that is, credit card numbers issued to other persons, during any one-year period, and by such conduct did obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT 6
### Attempted Access Device Fraud
### (18 U.S.C. § 1029(b)(1))

On or about August 28, 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**MAYLINE MONTERO,
a/k/a "Mayline Montero,"**

did knowingly, and with intent to defraud, use one or more unauthorized access devices, that is, a credit card number issued to another person, during any one-year period, and by such conduct did attempt to obtain anything of value aggregating $1,000 or more during that period, said conduct affecting

interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(b)(1) and 2.

## COUNT 7
### Possession of Fifteen or More Unauthorized Access Devices
### (18 U.S.C. § 1029(a)(3))

On or about September 11, 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**LISSETT LIRANZO,**
a/k/a "Lisset Liranzo,"

did knowingly, and with intent to defraud, possess fifteen (15) or more unauthorized access devices, that is, credit card numbers issued to other persons, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

## COUNTS 8–11
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

1.  The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.  On the dates specified below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**WILKIN ESTRELLA,
RODNEY MANUEL ARIAS,**
███████████████, and
**MAYLINE MONTERO,**
a/k/a "Mayline Montero,"

during and in relation to a felony violation of Title 18, United States Code, Sections 1029(b)(2), 1029(a)(2), and 1029(b)(1), as alleged in Counts 2, 5, and 6 of the Indictment, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, as specified in each count below:

| Count | Approx. Date | Defendant | Means of Identification |
|---|---|---|---|
| 8 | August 28, 2024 | **RODNEY MANUEL ARIAS** and ▮ | Name and credit card account number ending in -7725 issued to Victim 1 |
| 9 | August 28, 2024 | **MAYLINE MONTERO** | Name and credit card account number ending in -5202 issued to Victim 2 |
| 10 | August 28, 2024 | **MAYLINE MONTERO** | Name and credit card account number ending in -2111 issued to Victim 3 |
| 11 | September 8, 2024 | **WILKIN ESTRELLA** | Name and credit card account number ending in -6064 issued to Victim 4 |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATIONS

1.  The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendants, **WILKIN ESTRELLA, RODNEY MANUEL ARIAS,** ▮ ▮, **LISSETT LIRANZO,** and **MAYLINE MONTERO,** have an interest.

2.  Upon conviction of a violation of Title 18, United States Code, Section 1349, as alleged in this Indictment, the defendant so convicted shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

3.  Upon conviction of a violation of Title 18, United States Code, Section 1029, as alleged in this Indictment, the defendant so convicted shall forfeit to the United States the following:

    (a)  any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(B); and

    (b)  any personal property used, or intended to be used, to commit such violation, pursuant to Title 18, United States Code, Section 1029(c)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(l)(C), as made applicable by Tile 28, United States Code, Section 2461(c), Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2).

A TRUE BILL

FOREPERSON

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

CHRISTOPHER JONES
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-60211-SMITH/HUNT

v.

WILKIN ESTRELLA ET AL.,

Defendants.
_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☑ FTL     ☐ WPB

I do hereby certify that:
1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take __8__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)
   I   ☐ 0 to 5 days                   ☐ Petty
   II  ☑ 6 to 10 days                  ☐ Minor
   III ☐ 11 to 20 days                 ☐ Misdemeanor
   IV  ☐ 21 to 60 days                 ☑ Felony
   V   ☐ 61 days and over
6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of Defendant Montero is in state custody as of April 17, 2025.
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
Christopher Jones
Assistant United States Attorney
SDFL Court ID No. A5503315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** WILKIN ESTRELLA

**Case No:** _____

Count # 1:

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 Years
* **Max. Supervised Release:** 5 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

Count # 2:

Conspiracy to Commit Access Device Fraud

Title 18, United States Code, Section 1029(b)(2)
* **Max. Term of Imprisonment:** 5 years
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

Counts # 3-4:

Theft of Stolen Mail

Title 18, United States Code, Section 1708
* **Max. Term of Imprisonment:** 5 years
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

Count # 5:

Access Device Fraud

Title 18, United States Code, Section 1029(a)(2)
* **Max. Term of Imprisonment:** 10 years
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

*Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

Count # 11:

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)
* **Max. Term of Imprisonment:** 2 years
* **Mandatory Min. Term of Imprisonment:** 2 years
* **Max. Supervised Release:** 1 Year
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

*Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** RODNEY MANUEL ARIAS

**Case No:** _____

Count # 1:

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 Years
* **Max. Supervised Release:** 5 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

Count # 2:

Conspiracy to Commit Access Device Fraud

Title 18, United States Code, Section 1029(b)(2)
* **Max. Term of Imprisonment:** 5 Years
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

Count # 5:

Access Device Fraud

Title 18, United States Code, Section 1029(a)(2)
* **Max. Term of Imprisonment:** 10 Years
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

Count # 8:

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)
* **Max. Term of Imprisonment:** 2 Years
* **Mandatory Min. Term of Imprisonment:** 2 Years
* **Max. Supervised Release:** 1 Year
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

*Refers only to possible term of incarceration, supervised release, and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: LISSETT LIRANZO a/k/a Lisset Liranzo

**Case No**: _____

Count # 1:

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 Years
* **Max. Supervised Release:** 5 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

Count # 2:

Conspiracy to Commit Access Device Fraud

Title 18, United States Code, Section 1029(b)(2)
* **Max. Term of Imprisonment:** 5 Years
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

Count # 5:

Access Device Fraud

Title 18, United States Code, Section 1029(a)(2)
* **Max. Term of Imprisonment:** 10 Years
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

Count # 7:

Possession of Fifteen or More Unauthorized Access Devices

Title 18, United States Code, Section 1029(a)(3)
* **Max. Term of Imprisonment:** 10 Years
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

*Refers only to possible term of incarceration, supervised release, and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: MAYLINE MONTERO a/k/a Mayeline Montero

**Case No**: _____

Count # 1:

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 Years
* **Max. Supervised Release:** 5 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

Count # 2:

Conspiracy to Commit Access Device Fraud

Title 18, United States Code, Section 1029(b)(2)
* **Max. Term of Imprisonment:** 5 Years
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

Count # 3:

Theft of Stolen Mail

Title 18, United States Code, Section 1708
* **Max. Term of Imprisonment:** 5 Years
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

Count # 5:

Access Device Fraud

Title 18, United States Code, Section 1029(a)(2)
* **Max. Term of Imprisonment:** 10 Years
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

*Refers only to possible term of incarceration, supervised release, and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

Count # 6:

Attempted Access Device Fraud

Title 18, United States Code, Section 1029(b)(1)
* **Max. Term of Imprisonment:** 10 Years
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss


Counts # 9–10:

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)
* **Max. Term of Imprisonment:** 2 Years
* **Mandatory Min. Term of Imprisonment:** 2 Years
* **Max. Supervised Release:** 1 Year
* **Max. Fine:** $250,000 or twice the pecuniary gain or loss

*Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.